1   WO

2

3

4

5

6

7                      IN THE UNITED STATES DISTRICT COURT

8                         FOR THE DISTRICT OF ARIZONA

9

10  Amy Ferber,                          )    No. CV-13-01549-TUC-CRP
                                         )
11          Plaintiff,                   )    **ORDER**
                                         )
12  vs.                                  )
                                         )
13                                       )
    Carolyn W. Colvin, Acting Commissioner)
14  of Social Security Administration,   )
                                         )
15          Defendant.                   )
                                         )
16  _____  )
                                         )
17

18          Plaintiff through counsel has filed a Motion for Attorney Fees Under 42 U.S.C. §

19  406(b) (Doc. 27, Motion), and a Brief in Support (Doc. 28).  Defendant has filed a Response

20  to the Motion for Attorney Fees.  (Doc. 29).  This case is before the Magistrate Judge based

21  on the parties' consent.  (Doc. 10).

22          On March 31, 2015, the Court filed an Order reversing Defendant's decision denying

23  insurance benefits and remanding for an award of benefits.  (Doc. 21, Order).  On August 30,

24  2015, the Court filed an Order granting the parties' Joint Stipulation for an Award of

25  Attorneys' Fees to Plaintiff pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C.

26  § 2412(d), in the amount of $4,600.  (Doc. 26, EAJA Order).

27          Plaintiff's counsel now seeks $10,000 in attorney's fees for representing Plaintiff on

28  a contingency fee basis.  (Doc. 28 at 2). Plaintiff's counsel has submitted the Contract for

Attorney Representation (Doc. 28-1), the  Time Records for the two attorneys who worked on this case (Doc. 28-2 & 28-3), and the Notice of Award (Doc. 28-4).  Defendant has filed a Response stating no position or no objection to the § 406(b) Motion.  (Doc. 29).

Based on the Contract for Attorney Representation, Plaintiff retained counsel and "agree[d] that my attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the" past-due benefits award.  (Doc. 28-1). Plaintiff was awarded $76,355 in past due benefits and the Social Security Administration withheld $19,088.75 for payment of attorney fees ( Doc. 28-4).  This amount constitutes 25% of Plaintiff's past-due benefits. (*Id.*).  Counsel's requested fee amount of $10,000 is approximately 13% of the past-due benefits awarded.  (Doc. 28 at 8).

Under 42 U.S.C. § 406(b)(1)(A), when a claimant represented by counsel has received a favorable judgment, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits[.]" The Court "review[s] for reasonableness" the fee yielded by contingency fee agreements. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002).  The Court may consider the character of the representation, the results achieved, performance, delay, and whether the benefits are in proportion to the time spent on the case. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009).

Plaintiff's two attorneys claim 25.2 hours of service on this case in the federal district court.  (Doc. 28 at 10, Doc. 28-2 & Doc. 28-3 ). This results in an hourly rate of $396.83 based on the requested $10,000 fee amount.  (Doc. 28 at 10).  The non-contingent hourly rate of Plaintiff's attorney Meghan Miller is $250.  (*Id.*).   The Court has considered counsel's successful representation of Plaintiff, any delay in the proceedings, the contingency fee agreement, and the risk inherent in a contingency fee arrangement.

In reversing the decision of the Commissioner and ordering an award of benefits to Plaintiff, the Court found that the ALJ erred in the evaluation of the opinions of Plaintiff's

1  treating physician.  The ALJ's decision was unsupported by substantial evidence and based
2  on legal error.

3   Plaintiff's counsel sought one extension of time regarding the filing of the legal
4  memorandum in the proceedings before this Court. Plaintiff's Opening Brief was timely filed.
5  (Doc. 14-16). The record provides no reason for a reduction in the requested fees award on
6  the basis of the character of counsel's representation, the results achieved, or delay in the
7  proceedings attributable to Plaintiff's counsel.

8   The record does not suggest any reason to question the propriety of the contingency
9  fee agreement in this case.   There is no showing that the fees requested exceed the twenty-
10 five percent cap.  The Court is mindful of the contingent-fee nature of this case and the risk
11 imposed on counsel in agreeing to represent Plaintiff under such terms.

12  The district court may reduce a § 406(b) award if "benefits ... are not in proportion to
13 the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808).
14 "If the benefits are large in comparison to the amount of time counsel spent on the case, a
15 downward adjustment is ... in order." *Gisbrecht*, 535 U.S. at 808. The fee sought must be
16 reasonable "for the services rendered." *Id*. at 807.  The reviewing court should not allow a
17 "windfall." *Id*. at 808.

18  As noted in *Gisbrecht*, "§ 406(b) does not displace contingent-fee agreements as the
19 primary means by which fees are set for successfully representing Social Security benefits
20 claimants in court." *Gisbrecht*, 535 U.S. at 807   However, "§ 406(b) calls for court review
21 of such arrangements as an independent check, to assure that they yield reasonable results in
22 particular cases." *Id*. (footnote omitted).

23  The Court, in its discretion and taking into account counsel's risk involved in the
24 contingency fee arrangement in this case, finds that counsel's request for $10,000 is a
25 reasonable fee amount.  Plaintiff's attorney's Motion for attorney fees will be granted.

26 / / / /

27 / / / /

28          - 3 -

Plaintiff's counsel shall refund to Plaintiff the lesser of the fees awarded under 42 U.S.C. § 406(b) and the Equal Access to Justice Act.

Accordingly,

**IT IS ORDERED** that Plaintiff's Attorney's Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 27) is granted to the extent that counsel is awarded $10,000 in attorney's fees.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall refund to Plaintiff the lesser of the fees awarded under 42 U.S.C. § 406(b) and the Equal Access to Justice Act.

DATED this 3rd day of November, 2016.

_____
**CHARLES R. PYLE**
**UNITED STATES MAGISTRATE JUDGE**

- 4 -